IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

CARDALE BATES,                  :

    Petitioner,                :

vs.                             :        CA 07-00120-CG-C

DAVID O. STREIFF, et al.,       :

    Respondents.

**REPORT AND RECOMMENDATION**

Cardale Bates, who is presently in the physical custody of respondent David O. Streiff, has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner avers that he is entitled to immediate release from detainment inasmuch as he has not been charged with a crime, arraigned, or provided with a bond hearing since his arrest on June 5, 2006, thereby depriving him of his right to substantive due process of law. (Doc. 1, at 3-4; *see also id.* at 4 ("Petitioner has been [] detained in excess of the period necessary to bring an arraignment (within 72 hours after arrest), and an indictment (within 180 days after arrest) against him.")) The respondents answered the petition on April 26, 2007. (Doc. 12) This Court has heard nothing from the parties since that date. The undersigned finds that the record

contains sufficient evidence upon which to resolve the petition; therefore, this report and recommendation is entered pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed to allow petitioner the opportunity to fully exhaust state remedies once his conviction becomes final.

## FINDINGS OF FACT

1. On June 6, 2006, a criminal complaint charging Bates with the drive-by shooting death of Harold Clemons on June 4, 2006 was issued out of the District Court of Perry County, Alabama (Doc. 12, COMPLAINT); Bates was arrested that same day for the capital-murder of Clemons (Doc. 12, WARRANT; *but cf.* Doc. 1, ¶ 10 (Bates states he was arrested on June 5, 2006)).

2. A motion to set bail was filed on June 12, 2006; this motion, as supplemented on July 25, 2006, was continued on numerous occasions and finally heard on August 9, 2006. (Doc. 12, District Court Case Action Summary Sheet) Bates was denied bond by the district judge. (*Id.*) That same date, the district court set Bates' case down for a preliminary hearing in September. (*Id.*) A preliminary hearing was conducted on September 7, 2006; following consideration of the testimony given at the hearing, the district court

bound Bates' case over to the Grand Jury. (*See id.*)

      3.      The February, 2007 session of the Perry County Grand Jury charged Bates, in a two-count indictment, with the capital murder of Harold Clemons. (*Compare* Doc. 12, INDICTMENT *with* Ala.Code § 13A-5-40(a)(17) & (18)) The indictment was filed on February 8, 2007 and the case was assigned to the Honorable Marvin W. Wiggins on February 12, 2007. (Doc. 12, Circuit Court Case Action Summary Sheet)

      4.      On February 12, 2007, Bates signed the instant petition seeking habeas corpus relief (Doc. 1, at 5); this Court received the petition on February 15, 2007 (*id.* at 1).

      5.      On March 13, 2007, Bates was arraigned by the trial court. (Doc. 12, Circuit Court Case Action Summary Sheet) A motion for speedy trial filed by Bates on March 13, 2007 was granted; his trial has been set for September 10, 2007. (*See id.*)

## **CONCLUSIONS OF LAW**

      1.      "Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies." *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, C.J., concurring specially), *cert. denied,* 543 U.S. 1063, 125 S.Ct. 888, 160 L.Ed.2d 793

(2005); *see also Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985) ("A federal court will not grant habeas corpus relief unless the petitioner has exhausted all available state remedies.").

> "The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973) []. The Third Circuit, interpreting *Braden,* held, "[A]n exhaustion requirement has developed through decisional law, applying principles of federalism. . . . [A]lthough there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975).

*Thomas, supra*, 371 F.3d at 812 (some citations omitted). Because there is no distinction regarding the exhaustion requirement under §§ 2241 and 2254, the undersigned looks more closely at exhaustion law under § 2254.

  2. A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has a right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted). "Because the exhaustion doctrine is designed to give the state courts a full and fair

4

opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845, 119 S.Ct. at 1732; *see Thomas, supra*, 371 F.3d at 813 ("While a prisoner is not obligated to seek every conceivable extraordinary writ available in state court, he must at the very least afford the state 'a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . [by] invoking one complete round of the State's established appellate review process.'").

      3.    A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). This standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the state's highest court. *See id*. (citation omitted). The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'" *Id*. (citation omitted).  If the claims raised in a federal habeas corpus petition have

not been exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982).

    4.    The exhaustion requirement is excused if "there is either an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii).[1] A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. *See Allen v. State of Alabama*, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1478, 117 L.Ed.2d 621 (1992); *Cook v. Florida Parole & Probation Comm'n*, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's

---

[1] Importantly, § 2254(b)(1) presupposes that the habeas corpus applicant is in custody pursuant to a judgment of a state court. *See id*.

motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. *See, e.g., Clarke v. Grimes*, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under Fay v. Noia, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

     5.     In this case, Bates' petition for writ of habeas corpus is certainly premature because he is not presently "in custody pursuant to the judgment of a State court[.]" 28 U.S.C. § 2254(a)[2]; *see also Georgalis, supra,* 776 F.2d at 262 ("Therefore, finding that the adjudication of petitioner's claims would be premature at this time, the decision of the district court is AFFIRMED."); *cf. Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973) ("We emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.").

     6.     In his petition, Bates avers that he "has exhausted any and all forms of **administrative remedies** to the extent required by law." (Doc. 1, at

---

[2] Clearly, Bates is in state custody; however, he is in custody not pursuant to a state judgment of conviction but pursuant to a denial of bond pending his trial on capital murder charges.

¶ 3 (emphasis supplied)) What is at issue in this case is exhaustion of state court remedies, not administrative remedies. Bates' failure to establish the ineffectiveness of state remedies to redress his claims leads this Court to the conclusion that petitioner be required to exhaust his state remedies, once his conviction becomes final.[3]

## **CONCLUSION**

The Magistrate Judge recommends that Cardale Bates' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed, without

---

[3]  The *Younger* abstention doctrine also counsels dismissal of this action. *Younger v. Harris*, 401 U.S. 37, 45, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971) ("'[W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.'"); *see also Welch v. Secretary, Department of Corrections*, 2006 WL 2864464, *1 (M.D. Fla. 2006) ("Federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm.").

Petitioner has not established such extraordinary circumstances in this case. When he filed his petition in this Court on February 15, 2007, Bates complained that he had not been indicted, arraigned or afforded a bond hearing. In fact, prior to filing his § 2241 petition, Bates had received a bond hearing; he was denied bond by the District Court of Perry County, Alabama on August 9, 2006. Moreover, almost concurrent with the filing of the instant petition Bates was indicted by the Perry County Grand Jury for the capital murder of Harold Clemons and since that time, specifically on March 13, 2007, he has been arraigned. Because all of the events about which Bates complains in his habeas petition have now "occurred" there is nothing to suggest any great and immediate danger of irreparable loss.

prejudice, to allow petitioner the opportunity to fully exhaust his state court remedies once his conviction becomes final.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 20th day of August, 2007.

          s/WILLIAM E. CASSADY
      **UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    s/WILLIAM E. CASSADY    
UNITED STATES MAGISTRATE JUDGE